Good morning, counsel. Good morning. May it please the court. I am Robin Packall. I represent defendant appellant Lamar Johnson And I would like to reserve two minutes for rebuttal The government is asking the court in this case to create a new exception to the Fourth Amendment's warrant requirement That exception is for a search incident to a possible arrest Neither the Supreme Court nor this court has ever In any case cited by the government at least Upheld a search in warrantless search based on this type of exception What happened here differs from the traditional search incident to a to arrest? exception for two reasons first of all the search Preceded the arrest and second of all the arrest that followed the search was based on the fruits of the search The government attempts to get around this by citing to two separate lines of cases one Rawlings from the Supreme Court and Smith from this court that say that a The arrest doesn't necessarily need to precede the search to for to fall within the search incident exception and the second case is Devin Peck from the Supreme Court that holds that Probable cause to arrest may be based on Something different than what the officer stated in making the arrest Applying these two exceptions or these two variances to the search incident to arrest exception in this case Would go against the rationales behind the search incident to arrest exception that the Supreme Court has recognized in numerous cases including Robinson Knowles Gant Thornton and Riley which are to preserve evidence for use at trial and also and primarily to Protect the officer during the process of taking the person into custody in short Search incident to arrest requires a lawful Custodial arrest and The government has presented no evidence in this case and has pointed to none That the arrest there would have been an arrest in this case had the officer not first search. Mr. Johnson. I ask you How would you specifically Suggest that we distinguish Devin Peck Devin Peck your honor addressed only the fact of the arrest It was only about an arrest even though it followed Knowles. It said nothing about Knowles It said nothing about search incident to arrest a long line It said our cases make clear that an arresting officer's state of mind Except for the facts that he knows is irrelevant to the existence of probable cause That's correct your honor, but I think when you combine when you're when you're talking about a search incident to arrest exception to the warrant requirement the government bears the burden of showing an actual arrest and What the government so at some point, but it's pretty hard to get around Justice Scalia's statement, isn't it? Difficult for your case. I don't believe so Your honor because the arrest it's the combination of the search preceding the arrest and the arrest being based on a different justification what the officer justified the government nor the district court disputes that there needs to be an actual custodial arrest to justify the search incident to To arrest exception and Here the officer made the arrest and the district court found that to be true based on the fruits of the search and The government to justify the search incident to arrest not the arrest itself but the search incident to arrest needs to show that an arrest would have occurred absent the search and The government hasn't which bore the burden in this case has made no effort to do that to carry that burden Okay, so I guess I have I think the same concern that judge Wallace expressed which is I don't see how we could rule in your clients favor without Hinging the entire decision on the subjective thought processes of the officer Because here I think you pitched the record as suggesting that the officer affirmatively declared that oh, no I was not going to arrest him based just on the marijuana or the was it driving without us There were two reasons that the district court came up with your honor To I don't think this requires any Inconsistency with Devin Peck as I said Devin Peck addressed only the fact of an arrest the justification for the arrest It's the whole line of cases that began with rent. That's the problem And so I just I mean walk me through what an opinion in your clients favor would say that doesn't in any way Rest on the subjective thought processes of the officer here. So it would say that Where there is a search? incident to arrest and The search precedes the arrest the government bears the burden of showing that the officer Would have arrested But your honor in cases as recently as Peterson which we cited in our rule 28 J letter the district court Heard the testimony of the officer and credited the testimony of the officer that the I believe it was the booking Would have occurred Absent the prior illegal search and that's the kind of evidence we're looking for in this case your honor that the government Absolutely did not present Issue and it's it's trying to reconstruct the world that would have followed from an objective standpoint had nothing to do with the officers thought Processes because here I gather Your argument would completely fall apart if the officer said had testified affirmatively at the hearing Oh, no, I was going to arrest him for the marijuana offense Anyway, right then your argument that would have been a much more difficult case your honor But this is a type of inevitable discovery that the government is relying on here Although it won't acknowledge it because what happened at each stage of the officers conduct here was Completely Was was justified on a completely hypothetical Basis by the district court the officer said that he was searching Mr. Johnson for evidence of drugs. He said he was arresting him based on The body armor he found during the search and he said also that he was searching the car based on an inventory search but the district court and the government have justified that sequence of events based on things that were completely hypothetical That would not have necessarily resulted in a custodial arrest Hypothetical that the officer had probable cause to arrest your client at the moment of the pat-down for the marijuana offense He could have done that and and if he had just said That's what I intend. I was intending to do. I just didn't get around to it later Your argument is completely out the window And so it seems to me the only way we could rule in your clients favor is to say well the key difference here Is that the officer sort of suggested that maybe he wasn't Intending to arrest him at that moment I don't see how that can be squared with any of the cases that began with ran Because the court has relied on officer testimony in situations like this where there needs to be a custodial arrest The government bears the burden it was in addressed in Maccabeo by the California Supreme Court and in Reed the New York High Court, this is the type of testimony I agree that we would have a much more difficult case if the officer had testified that He would have arrested mr. Johnson anyway But that is not this case your honor the government had the officer on the stand it bore the burden of showing what would have happened if the officer had not made an illegal rest based on the fruits of the prior search and The Supreme Court neither the Supreme Court nor this court has ever held that probable cause to arrest is enough there has to be an actual arrest and The arrest in this case was clearly based on the fruits of the search in the officers mind as the officer Testified and the government bore the burden of showing that there would have been an arrest absent what the officer did Had he not done that so and the government just has not carried its burden your honor How do you how do you get around Rawlins? It seems to me that Chief Justice Rehnquist has given you a hard hurdle You'll recall the language let me call it to your attention so you can respond Where the formal arrest followed quickly on the heels of the challenge search of the petitioner's person We do not believe it particularly important that the search preceded the arrest rather than vice versa Yes, your honor Rawlins is Distinguishable because in that case it was clear in contrast to this case that a rear rest was going to occur The arrest that followed it didn't say that well, that isn't what the Chief Justice said It's clear, but it's it's clear if you read the entire order including the facts because he was arrested Based on the drugs and his admission to the drugs that were found in this in the search of the purse Which he did not have standing to challenge the distinguish it that you're distinguishing it on something that wasn't there That doesn't help you too much when the overall statement itself Indicts, are you saying that we disregard? The statement of the Supreme Court. I just believe that the statement of the Supreme Court in that case Which was only a paragraph in a rather lengthy opinion needs to be distinguished based on the facts of what happened in that case Moreover pretty long paragraph. It's almost half a page It is but I think again if you read it in the context of what happened the officers were executing a search warrant the defendant in that case had been present for 45 minutes awaiting that and He had admitted to the drugs found in the search and that's what he was arrested based on Your honor. All right counsel. You've exceeded your time. We will give you one minute for a rebuttal Good Morning may it please the court. My name is Philip Kovac inskin. I represent the United States If I may I'll just pick up with a couple of those points That the court just heard first the point about subjective versus objective intent as the court seems to agree The Supreme Court has been abundantly clear over decades of case law that objective intent is what controls and there are lots of reasons Why? Subjective intent is just not a good way to judge the Fourth Amendment So that I mean this what you're asking our court to do in this case I mean, I'll just speak for myself It makes me very uncomfortable because it confers almost unlimited discretion on officers to Basically harass people that they were not otherwise going to arrest because the offense was too minor for whatever reason just to go on a fishing expedition to see what a Search will will turn up and I guess I that's the one thing that gives me the most concern about adopting your position here So I wonder if you have any response to that concern Your honor I do I have a couple of responses. My first is of course here in arrest did occur. So it's for another day Probably in a 1983 action actually illustrates the very danger of the rule you're Asking us to adopt because if the officer otherwise was going to let mr. Johnson Johnson go on his way Right and decided mom guy looks, you know, I don't know. I don't know anything about mr Johnson, but whatever it is that peaked this officer's interest in him Caused him to want to do a more thorough Search of him to see if he could turn up some other evidence of criminality for which of an arrest really would be warranted That's exactly what happened because he it was only because he did the pat-down search that he discovered the body armor Body arbor and then the drugs and gun and so forth. Yeah, so that's what I'm saying To me that's exactly the kind of abuse that your rule is going to create right Your honor respectfully. We just don't see it that way and as I say here The arrest did occur. So we think we're well rooted in the case law in the situation where The as your honor is supposing a sort of speculative arrest there is PC for some basis for arrest But it's otherwise not going to happen So the person who gets pulled over in the nice Mercedes and is wearing a business suit Right that person the officer sees the exact same thing and says no I'm gonna waste my time trying to do I could do a search here, but let this person go on but someone like mr Johnson, uh, he looks suspicious to me I want to I want to dig a little further and lo and behold evidence of further criminality turns. That's what I'm saying I just don't think that's the kind of discretion we should be conferring on officers And that's I don't that seems to me that what your rule will create here. Well, I don't think so And a couple of points. So first of all, I want to be clear about mr. Johnson So when this officer before conducting any search, here's what he knows about. Mr. Johnson Johnson's riding a vehicle. That's not his own There's no proof of insurance or registration in the vehicle The odor of both burnt and marrow and fresh marijuana is emanating from the car Plastic bags and pill bottles are in the glove box Mr. Johnson sort of fakes as if he's looking for the registration But just kind of pats the items in the glove ones disputing that the officer had probable cause to arrest Mr. Johnson for a marijuana offense if he wanted to But but I gather that he didn't quite get around to saying that he was going to arrest him for that anyway, right? He there's no indication one way or the other what his intentions were at those early moments I would note the list goes on Johnson's a felon. He's a suspect in an officer homicide His license is suspended. My point is that there are a lot of bad facts here for mr. Johnson This is not a case Assuming we were to publish that's just going to apply to your to this particular individual. Do you understand? I guess I Absolutely, so what you you started to say that you had some responses and I guess I've just what you pivoted to it seemed to Me was here all the bad facts for mr. Johnson. So what's the more general concern? Response to that concern, of course, and if I made the point is that the court in on these specific facts Respectfully, I don't think is condoning Arbitrary searches or discriminatory searches. I think there was a good question was setting aside these Yes on the general principle, right? How do we narrow more broadly? My question yes and more broad finish my question. Oh, I'm sorry. I didn't hear you. Yes. How could we write a holding that more narrowly confines the officer to cabinet in his search With the arrest, how would we do that? Or is it your view that we don't have to do that? Well, my view is you do not but if you wanted to your honor I believe it's United States versus Smith essentially combined with some of the principles the Second Circuit recognized in Diaz The DC Court of Appeals in Lewis, but it's already essentially this court's opinion in Smith. It's very close to those facts Smith picked up on Rollins and the point that simply arrest and search Don't have to go in that order if they're substantially contemporaneous, that's the language this court in the Supreme Court have used and Your honor if I could I do want to speak to that broader concern about the potential We don't think it's present here, but the potential that this truly could be discriminatory Pull someone over just for speeding for example, no other facts yet. That is technically an arrestable offense So you do this excerpt sort of search? Our main response is that the Supreme Court already thought about that problem in Wren and Atwater and it Answered it Atwater. Of course was a was a contentious 5-4 decision But it the court did provide an answer and the answer is that an arrest is lawful If there was probable cause for any offense in Atwater It's not buckling your seatbelt and the court in that case the Supreme Court very openly Acknowledged that the petitioner in that case was humiliated Subjected to unfair humiliating invasive treatment by the police But the court said as a Fourth Amendment matter it was okay No, I that whole line of cases beginning with Wren has led us to where we are And I think that's what caused Justice Ginsburg to say last term Maybe we need to rethink this because we have seen the kinds of abuses it leads to and that's I guess I'm still waiting for Maybe there is no assurance you provide you just say hey, that's the law Sorry, you have to apply what the Supreme Court told you and that's fine If that's the response, but it do you have something else to respond to judge Rawlinson's question? Sure in terms of limiting principles One very obvious principle we see looking between Davenpeck and Knowles is That so long as in a counter with an individual is ongoing There is not yet a citation Also, not yet an arrest Then the sort of search we see here is proper if however The person is released Or let alone if they're cited like in Knowles then plainly no search is no long search is no longer proper So we think while that encounter is on going that is the moment in time or the window of time That an officer can proceed as here search then arrest But as I say if the person's released, it's not like you could then Oh on second thought Come back search later. That would be improper in our view. Is there any outer limit in your mind in terms of Time constraints if the if the officer was still searching two hours later Would that be within the confines of the Fourth Amendment I think that would start to present a real problem and there are a number of ways to think about that one in the car stop contest is Is Rodriguez the Supreme Court's decision of a couple years ago? Which talks about the reasonable duration of a car stop. So again if we were talking purely about a traffic offense Seat belts like in Atwater, but we're not talking about a track traffic offense. That's why I asked you that question because Yeah, you were relying on the fact that there were a lot of problems that could cause the officer to have a reasonable suspicion of This particular detainee. So that's why I asked you in that context. How long can the suspicion linger? How long can a search go in those circumstances? Your honor, I think in that case there would be other Cases that would be relevant just depending on how the search proceeded Of course overly invasive searches like strip searches a blood draw. That's all off-limits under well-established Supreme Court law Of course, you couldn't search the cell phone or Luggage that the person is holding that's other Supreme Court cases So, I think there are plenty of cases that say the search would simply be of the person And not things like cell phones and pockets not overly invasive like body cavity It would necessarily have to be a pretty quick process as long as it takes to search someone's person within those limitations and and if I may The the defense has repeatedly mentioned that this couple of state Supreme Court cases that have gone the other way on this issue Our view is those are against the overwhelming authority including all of the federal authority except Possibly the Seventh Circuit in a sort of confusing decision for many years ago But those are McAboe and Reed And we think the fundamental flaw with those cases is that they get at what the court recognized a moment ago Which is that they are relying on officers subjective thought process and the Supreme Court has said again and again that that that's not The way to think about the Fourth Amendment. All right. Thank you counsel. You've exceeded your time. Thank you for your argument rebuttal one minute Your honor we're not asking the court to rely on the officers subjective thought processes We are asking the court to rely on some evidence Objective testimony from the officer, whatever it is that there would have been an arrest Absent the search in this case and again, the government has not produced that your honor is correct that this was a very intrusive Search the officer put his hands on mr. Johnson's body and went into his pockets And this this the any concerns the officer had could have been addressed in a much less intrusive way finally, but the court that the government is asking this court to create is a search incident to probable cause exception that it would apply when a Situation is ongoing but that runs counter to the Supreme Court's repeated reliance on the rationales for a search incident to arrest exception those are during the process when the officer is actually taking the person into custody and Evidence that may be needed for trial also and not to be diminished an arrest ease reduced expectations of privacy and your honor when a person when when officer just has probable cause and the situation is ongoing as the government says None of those come into play. Therefore this court should decline to extend the search incident to arrest exception All right. Thank you. Thank you. Thank you to both counsel for your helpful arguments The case just argued is submitted for a decision by the court the next case on on calendar muti versus United States has been deferred The next case on calendar for argument is Sandoval versus County of Sonoma
judges: Wallace, Rawlinson, Watford